12551

STATE v. JEFFCOAT

(146 S. E., 95)

*Messrs. Wallace & Adams,* for appellant,

*Solicitor T. C. Callison,* for respondent,

December 31, 1928.

The opinion of the Court was delivered by Mr. Justice
Blease.

The defendant, Dewey Jeffcoat, a white man, was con-

victed in the Court of General Sessions for Lexington County on a 'charge of having committed an assault and battery with intent to kill upon Alex Wise, a colored man. The defendant was sentenced by the late lamented Judge DeVore to serve 4 years at hard labor in the penitentiary or on the public works of Lexington County.

Wise was a convict, and the difficulty occurred at a chain gang camp in Lexington County. The State contended that the defendant, in an intoxicated condition, while a visitor to the chain gang camp, without just cause or provocation, shot and seriously injured Wise. The defendant claimed that the shooting was accidental.

The defendant has appealed to this Court upon one exception.

When Wise, the prosecuting witness, was offered by the State to be sworn to testify, the defendant objected on the ground that Wise had been convicted and sentenced on a charge of having carnal knowledge of a woman child under 16 years of age, in violation of section 9 of the Criminal Code of 1922, and the record showing the conviction and sentence was produced. The presiding Judge allowed Wise to be sworn and to testify, and his ruling is alleged here to have been error.

The rule of the common law was that a person was incompetent as a witness if he had been convicted of an infamous crime, such as treason, felony, or any of the *crimen falsi,* but a mere conviction of crime did not disqualify if the offender had not been thereby rendered infamous. 40 Cyc., 2205.

It does not appear that there has been any legislative enactment in this State directly adopting the rule of the common law as stated above.

In passing upon the question, if a principal charged with murder might testify against an accessory to the same crime, Mr. Justice Hydrick, speaking for this Court, said of the old common law rules as to the incompetency of witnesses:

"But the tendency of modern legislation and judicial decisions has been to depart from the strictness of the common law, and to enlarge the scope of the competency of witnesses, leaving it to the intelligence of the more enlightened juries of the present day to pass upon the credibility of the witnesses, and decide what is true and what is false." *State v. Kennedy,* 85 S. C., 146, 67 S. E., 152.

Professor Wigmore advocates strongly the removal of all disqualifications of a witness for conviction of any crime in this language:

"There can be, then, no justification for the disqualification of a person by reason of conviction of crime; and legislation has now in most jurisdictions recognized this, with more or less thoroughness, by abolishing the common law rule. In a few jurisdictions, nevertheless, it remains in full scope (though defined by statute), and in some others it is retained for the crime of perjury (* * *). These anachronisms ought not to be longer countenanced." Wigmore on Evidence (2d Ed.), § 519, p. 936.

The Supreme Court of Arkansas, through Justice Riddick, has forcibly spoken also on this subject in the following manner:

"There is no valid reason why a person who knows anything material to the decision of a case on trial should not be permitted to tell it, whatever may be his character, the jury being allowed to weigh his testimony in connection with his character and antecedents. These statutes not only suppress evidence, but the application of them often presents difficult and doubtful questions, which, being decided in the hurry of trial, frequently results on appeal in reversals, and in this way justice is often thwarted. There are very few States that now retain such laws, and we think our legislators might well consider whether they should not be repealed in this State also." *Vance v. State,* 70 Ark., 272, 68 S. W., 37.

In the early judicial history of this State the tendency was to follow closely the old common law rule, and this continued up until a few years back. In 1880, it was held that one who had been convicted of receiving stolen goods was an incompetent witness. *State v. Dodson,* 14 S. C., 629. In 1881, petty larceny was held to disqualify one as a witness. *State v. James,* 15 S. C., 233. Larceny was one one of the crimes included as a disqualifying crime under the common law. It does not seem that either of the cases mentioned has been overruled.

Later, however, the tendency seems to have been to get away from the rule of the common law, and, certainly, not to class as a disqualifying crime any crime not specifically held to be disqualifying by the common law. In the case of *State v. Green,* 48 S. C., 136, 26 S. E., 234, it was decided that a person was not disqualified as a witness because he had been convicted of fraudulently selling crop under lien. In *State v. Lollis,* 115 S. C., 201, 105 S. E., 275, a person who had pleaded guilty to grand larceny, but had not been sentenced, was held to be a competent witness to testify in the trial of another. While manslaughter was classed in the common law as a felony, and has always been so regarded in this State, yet this Court has decided that one who had been convicted of that crime could testify as a witness. *State v. Laboon,* 107 S. C., 275, 92 S. E., 622, L. R. A., 1917 F., 896.

It is conceded by the counsel for the appellant that the crime of which the witness, Wise, was convicted was not known to the common law. This Court has held that the crime, although classed as a felony under the statute, was a statutory offense, and distinct from the crime of rape as known to our law and the common law. *State v. Haddon,* 49 S. C., 308, 27 S. E., 194.

Unless it is clearly shown by some law or decision of our Court that a person is disqualified to become a witness because of conviction of crime, we think it

should be held that he is competent. "A witness is always presumed to be competent." Syllabus in *Goodson v. State,* 162 Ga., 178, 132 S. E., 899.

In the absence of legislative enactment or precedent of this Court, requiring us to hold otherwise, and in harmony with the recent decisions of this State and those of almost all of the appellate Courts of the country, we are not disposed to class as a disqualifying crime an offense which was not so recognized by the common law. We are rather disposed to follow, and extend when it is possible so to do, the principle laid down by Mr. Justice Hydrick in *State v. Kennedy, supra.*

The judgment of this Court is that the judgment of the Court of General Sessions of Lexington County, be, and the same is hereby, affirmed.

MR. CHIEF JUSTICE WATTS concurs.

MR. JUSTICE COTHRAN (concurring) : I concur. I think that, in addition, there should be an exception to the general common law rule where the proposed witness had been the object of attack.

MR. JUSTICE STABLER and MR. ASSOCIATE JUSTICE RAMAGE, concur.