13791

STATE v. JONES *ET AL.*

(173 S. E., 77)

Before RAMAGE, J., Florence, April, 1933.

*Messrs. Baker & Baker* and *C. T. McDonald,* for appellants.

*Mr. G. Lloyd Ford, Solicitor,* for the State.

March 1, 1934.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

In the Court of General Sessions of Florence County, two indictments were returned against the appellants, charging them jointly, in each instance, with the crimes of highway robbery and larceny. One indictment concerned the alleged robbery of Elijah Howard, from whom it was claimed the appellants, with threats, and assaults with weapons, took the sum of $1.25, a pocketbook, and an automobile driver's license. In the other indictment, it was alleged that they robbed Lee McFarland, in the same manner, of the sum of $1.00. Both robberies were alleged to have occurred at, or about, the same time, on a public street in the City of Florence, and grew out of the same facts practically, as it was alleged by the prosecution, which claim was supported by the evidence it adduced.

The two cases were tried together, and, while the record does not affirmatively so show, since there is no statement to the contrary, we assume this was done with the consent of the appellants. Neither of the appellants was represented by counsel, and, under the law, it was not required of the Court to assign counsel for them.

The jury having rendered a verdict of guilty as to all the appellants, they were sentenced by the trial Judge, Hon. C. J. Ramage, to hard labor.

Later, having secured counsel to represent them, a motion for a new trial was heard. From the order refusing it, in which no reason was given for the action taken, the case has come to this Court, and the appeal relates only to that order.

It is contended, first, that a new trial should have been granted for the reason that the appellants were not given, before their trial in the Court of General Sessions, a preliminary investigation before the magistrate who issued the warrant for their arrest. We take it for granted that this ground has reference to the provisions of Section 936 of the Code.

It is our opinion, for two reasons now occurring to us, that there was no error in refusing the new trial, because of

the failure to hold a preliminary examination. First, the statute, as amended in 1930 (36 St. at Large, p. 1322), the amendment appearing in Section 936, *supra,* says, in effect, that, when a defendant demands in writing a preliminary hearing, it shall be mandatory upon the magistrate to grant the same, and the Court of General Sessions shall not acquire jurisdiction until after such preliminary hearing. The record does not show that a written demand on the part of either of the appellants for a preliminary hearing was made. The second reason is this: At no time, before or during the trial of the appellants, was the attention of the Court called to the fact that they had not been given a preliminary examination, and one was desired. Clearly, to make the failure to hold a preliminary proper ground for a new trial, after conviction, the Court should have been at least advised of the desire of the appellants that a preliminary examination be held. Having not taken the legal steps to secure a preliminary, and not having informed the Court that one was wished, it must be held that the appellants waived any and all right to such examination. To hold otherwise would be to encourage numerous uncalled-for new trials, for many defendants, hoping to be acquitted, would keep quiet as to preliminary examinations until their hope for acquittal had resulted in disappointment.

The other ground, on which a new trial was asked, was due to the fact that the appellants, after their conviction, as they claimed, learned, for the first time, that both the prosecuting witnesses, Howard and McFarland, had formerly been convicted of crimes which disqualified them as witnesses in the trial. The evidence shows the appellants knew both of the prosecuting witnesses, and two of the appellants had known them for several years, and had associated with them upon former occasions. One of the appellants, Charlie Jones, testified, "The last time I saw Elijah (the prosecuting witness Howard), we both was on the chain gang. That's the reason he knowed me so good."

The alleged disqualification of one of the witnesses was due to his conviction, in the City Court of Florence, of a disqualifying crime; and the other witness was claimed to be disqualified because of his conviction, in the Court of General Sessions of Florence County, of a disqualifying crime. Both of these records could have been produced easily at the trial of the case against the appellants, and there was lack of diligence on their part to raise the question they now make.

Furthermore, it appears from the concurring opinion of Mr. Justice Cothran, concurred in by Mr. Justice Stabler and Mr. Acting Associate Justice Ramage, in the case of *State v. Jeffcoat*, 148 S. C., 322, 146 S. E., 95, 97, that, even if the issue as to the competency of Howard and McFarland had been raised at the proper time, the Court might properly have overruled any objection to their testifying. In the *Jeffcoat case*, those learned Justices said: "There should be an exception to the general common-law rule where the proposed witness had been the object of attack." The two witnesses here, if the appellants were guilty at all, were the objects of the attack in the commission of the crimes charged against the appellants.

For the information of the bar, we may call attention to the passage, at the present session of the General Assembly, of an Act, removing the disqualification of a witness on account of his conviction of crime.

The judgment of this Court is that all the exceptions be overruled, and that the order, appealed from, be, and the same is hereby, affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.