21477

The STATE, Appellant, v. William Henry ALLEN, Jr., Respondent.

(279 S. E. (2d) 365)

*Atty. Gen. Daniel R. McLeod* and *State Atty. Scott Elliott,* Columbia, *for appellant.*

*J. Marvin Mullis,* Columbia, *for respondent.*

June 4, 1981.

GREGORY, Justice:

The respondent, William Henry Allen, Jr., was convicted of assault and battery with intent to kill. The State appeals from an order granting him a new trial on the basis of after-discovered evidence. We reverse.

At trial, the respondent testified he cut the prosecuting witness, Ballard, in self-defense after being threatened with injury and extortion. Ballard denied he made any threats. Approximately five months after the trial, it was discovered Ballard had a prior conviction for federal extortion. Respondent moved for and was granted a new trial because of after-discovered evidence.

The State asserts the trial court erred in granting the new trial because the evidence of the prior conviction could have been discovered through due diligence. We agree.

In *State v. Caskey,* 273 S. C. 325, 256 S. E. (2d) 737 (1979), we held a motion for a new trial based on after-discovered evidence may be granted *only* if the evidence:

"(1) Is such as would probably change the result if a new trial was had;

"(2) Has been discovered since the trial;

"(3) Could not by the exercise of due diligence have been discovered before the trial;

"(4) Is material to the issue of guilt or innocence; and,

"(5) Is not merely cumulative or impeaching."

Moreover, the theory of after-discovered evidence does not extend to evidence available or attainable from public record before the time of trial. *Green, Moore & Co. v. United States,* 19 F. (2d) 130 (5th Cir. 1927); 24 C. J. S. Criminal Law § 1454, p. 179; See also: *State v. Jones,* 172 S. C. 129, 173 S. E. 77 (1933). In *Anderson v. Leeke,* 271 S. C. 435, 248 S. E. (2d) 120 (1978), we held matters of public record were available to a diligent defendant, therefore, not within scope of a Brady motion.

Here, Ballard's federal conviction was a matter of ■ public record. It was available to the respondent and his counsel through due diligence and did not constitute after-discovered evidence. The order granting respondent a new trial is reversed and the sentence is reinstated.

Reversed.

LEWIS, C. J., and LITTLEJOHN and NESS, JJ., concur. HARWELL, J., not participating.