## STATE v. HADDON.

1. EVIDENCE.—It is not error to permit a question to be answered which had been previously objected to, and the objection then withdrawn.

2. CRIMINAL LAW—RAPE—INDICTMENT—PLEADINGS.—In an indictment for rape under the common law, or under Crim. Stat., sec. 114, it is not necessary to allege the age of the victim, or if she is a maid or a married woman.

3. IBID.—IBID.—EVIDENCE.—Under a common law indictment for rape, it is competent to show the age of the victim on the issue of force, or consent.

4. IBID.—IBID.—CHARGE.—It is not error to refuse to charge in this case that the victim of rape was an unmarried woman.

5. IBID.—IBID.—CON. OF 1895.—After the adoption of the Constitution of 1895, no unmarried woman child, under the age of fourteen years, could consent to sexual intercourse.

6. IBID.—IBID.—EVIDENCE.—There was sufficient testimony in this case from which it could be inferred that the victim was a married woman.

7. IBID.—IBID.—IBID.—CON. OF 1895.—The provisions of the Constitution of 1895, making the age of consent fourteen years, did not make

a new criminal offense, but only created a new rule of evidence in the proof of consent.

8. IBID.—IBID.—CHARGE.—It was proper to refuse in this case the request, that if the victim consented, they could not convict the defendant of rape, because it assumes that she was capable of consent, and does not take into consideration the constitutional provision as to consent.

9. IBID.—IBID.—THE ACT OF 1896 (22 Stat., 223,) does not affect the punishment for rape, as provided in sec. 114 of Crim. Stat.

10. MR. JUSTICE GARY *dissents.*

Before TOWNSEND, J., Abbeville, June, 1896.    Affirmed.

The defendant, James Haddon, was indicted for rape, found guilty, with recommendation to mercy, and sentenced to penitentiary for life.    From this judgment he appeals.

*Mr. Walter L. Miller,* for appellant, cites: Con. 1895, art. III., sec. 33; Crim. Stat., 113; 22 Stat., 223; 29 S. C., 34; 28 S. C., 572; 20 S. C., 352.

*Mr. Solicitor Ansel,* contra (oral argument).

May 3, 1897.  The opinion of the Court was delivered by

MR. JUSTICE JONES.   This case was first heard at November term, 1896, but was reheard at the present term. The appellant, James Haddon, at the Court of General Sessions for Abbeville County, June term, 1896, was indicted and tried for rape, was found guilty, and recommended to mercy by the jury, and was sentenced to imprisonment in the state penitentiary for life.  So much of the material part of the indictment as is necessary for a clear understanding of the points raised is as follows: "That James Haddon, late of the county and State aforesaid, on the 28th day of March, in the year of our Lord one thousand eight hundred and ninety-six, with force and arms, at Abbeville Court House, in the county and State aforesaid, in and upon one Parralee Wimbush, in the peace of God and of the said State, then and there being, violently and feloniously did make an assault, and her, the said Parralee Wim-

bush, then and there violently, against her will, feloniously did ravish and carnally know, against the form of the statute in such case made and provided, and against the peace and dignity of the same State aforesaid." The first, fifth, and sixth exceptions relate to the admission of testimony, alleging error in allowing evidence of the age of Parralee Wimbush; the first and sixth, on the ground that the indictment did not allege that Parralee Wimbush was an unmarried woman; and the fifth, on the ground that there was no allegation as to her age in the indictment.

An examination of the record shows that when the solicitor asked a witness, "How old is Parralee Wimbush?" counsel for defendant objected to the same as irrelevant, and immediately withdrew the objection "for the present," as stated. Then, when the same question was soon thereafter repeated, and the witness answered that Parralee was thirteen years old, defendant's counsel again objected. The objection was not made until after the answer was given. It is not error for a Circuit Judge to permit answer to be made to a question to which objection was made but withdrawn.

Besides this, it is not necessary in an indictment for rape, under the common law or under section 114, Criminal Statutes 1893, to allege the age of the person charged to have been ravished, nor is it necessary to allege therein whether the woman is married or unmarried, since both at common law and under the said statute rape may be committed upon a woman or woman child of any age, maid or married. It will be observed that this is not an indictment for carnally knowing and abusing a woman child under the age of ten years, which was made a felony and punishable as rape under section 115, Criminal Statutes 1893, section 2460, General Statutes 1882, which was amended by act approved March 9th, 1896, so as to read "fourteen" instead of "ten" years, wherein *it would* be necessary to allege the age of the child. The indictment alleges that the offense took place on the 28th day of March,

1896, and the evidence was to the effect that the offense was committed before 12 o'clock on the night of the 28th of March, 1896. The act approved March 9th, 1896, under section 36, Revised Statutes 1893, did not take effect until the 29th day of March, 1896, the day after the crime was alleged to have been committed. This act, therefore, in so far as it makes that a crime which was not a crime before, is not applicable to this case. Whether this act, in so far as it diminishes the punishment in any case where the woman or child is over the age of ten years, and the prisoner is found guilty with a recommendation to mercy, can be applied to this case, will be hereafter noticed. This indictment, therefore, was not and could not have been brought under the act of 1896. Nor could it have been maintained under section 115, Criminal Statutes, since the child said to have been raped was over ten years old, and the indictment did not attempt to describe the crime therein prohibited. The indictment, then, must be referred to section 114 of the Criminal Statutes, or treated as indictment under the common law, in either of which cases it is not necessary to allege or prove the age of the victim of lust, nor whether she is married or not.

But while it is not essential under such indictment to allege and prove the age of the woman or child charged to have been ravished, it is often quite relevant to prove the age. For example, on the issue of force to overcome resistance or compel consent through fear, age becomes relevant, since a child of tender years would more readily yield through fear than a woman of maturer years. Such seems to have been the object of the evidence in this case, since the proof of age was brought out immediately after evidence tending to show that defendant was at the time of the alleged crime intoxicated, and armed with a pistol, which he exhibited. Moreover, since under the common law a child under ten years is presumed incapable of consenting to sexual intercourse, it is competent,

under a common law indictment for rape, to inquire after the age of the female on the question of consent.

The third exception alleges error in failing to charge the jury that before they could convict they must be satisfied from the evidence that Parralee Wimbush was an unmarried woman at the time the offense was committed.

This exception must be overruled for several reasons: First, because under this indictment it was not necessary, as stated above, for the State to allege or prove that Parralee was unmarried; second, to have charged this would have been to assert that rape could not be committed on a married woman; and third, there was no request to so charge. While under the present Constitution, as under the Constitution of 1868, it is the function and duty of the Judge to declare the law applicable to the issues and evidence in a case, still this does not dispense with the propriety and use of request to charge, and the omission to charge a particular point or proposition of law is not reversible error unless the attention of the Judge is called to the omission by some request to charge, or the failure to so charge is clearly prejudicial to the party complaining.

The fourth exception is as follows: "Because his Honor, ruled that the age of consent was fourteen years, when he should have held that the defendant was entitled to be tried under the law as it stood at the time the act was committed, the age of consent then being ten years." The record does not disclose that the Circuit Judge made any such ruling, unless it be in his charge to the jury, and the charge in this regard is not expressly excepted to. The exception is probably based on the charge of the Circuit Judge, as follows: "Now, in this case, if you come to the conclusion that this girl is under the age of fourteen, * * * then she cannot give her consent," &c. The Judge, no doubt, had in mind sec. 33, art. III., of the Constitution, which is as follows: "No unmarried woman shall legally consent to sexual intercourse who shall not have attained the age of fourteen years." This provision of the Constitution,

which took effect from and after the 31st day of December, 1895, was a part of the fundamental law of the State on the 28th day of March, 1896, the date of the alleged crime. While under the common law the age of consent was ten years, this rule was not of force in this State after December 31, 1895, except in so far as not abrogated by the constitutional provision cited. At the time of the alleged crime, no maid or unmarried woman under the age of fourteen years could consent to sexual intercourse. Hence, it would have been error to have ruled in accordance with appellant's view that the age of consent at the time of the offense was ten years:

Was it error prejudicial to the defendant for the Circuit Judge to charge the jury, "If you come to the conclusion that this girl is under the age of fourteen, then she cannot give her consent." We think not. If there was any error, it was in assuming that "this girl" was a maid, for, as we have seen, the law is, that no maid under the age of fourteen years can consent. But it is not complained that the Circuit Judge in his charge to the jury assumed as true any fact in issue in the case. But we are not at all surprised that in his ruling as to the age of consent, as applied to that particular case, he assumed that Parralee Wimbush was unmarried. So far as appears, up to the time of the verdict and motion for a new trial on the ground that there was no evidence that Parralee was an unmarried woman, there was nothing to suggest that there was any issue on this point. Counsel for defendant, during the trial, spoke of Parralee as "a girl," "a girl as small and young as Parralee;" witness spoke of her as "a girl," a "child;" it was proven that her name was Parralee Wimbush, Wimbush being the surname of her father, and of her mother by marriage; she was but thirteen years old at the time of the trial, several months after the alleged crime; she lived in a room with her mother, grand-mother, and one or more younger children, and no one else, as far as appeared in the evidence; the doctors who examined her

a day or two after the alleged crime testified as to her condition; the child herself was in Court, and on the witness stand; there was nothing in all the testimony to suggest that she might possibly be married, notwithstanding the many circumstances in the case demonstrating to a moral certainty that she was a child unmarried. If we had the slightest reason to believe that the defendant was prejudiced by the ruling of the Circuit Court in the matter of the age of consent, we would send the case back for a new trial, however much we might regret to have repeated all the sickening details of the defendant's brutal lust, but we have none. The uncontradicted testimony offered by the State tended to show that the defendant was intoxicated, and armed with a deadly weapon, which he freely exhibited, and that with threats to kill, if she made outcry, he accomplished his purpose several times without the consent and against the pleadings of the child, who was heard by others, themselves too intimidated to interfere, to cry out, "don't, don't, or you will kill me."

We do not think it a sound proposition to say that, inasmuch as there was no allegation or proof that Parralee Wimbush was an unmarried woman under the age of fourteen years, therefore, the defendant under this indictment was entitled to be tried under the common law rule fixing ten years as the age of consent. This view ignores the constitutional provision cited, which changed the common law rule. This provision of the Constitution did not, of itself, *create* a criminal offense. By its own operation there did not spring into existance such crime as the carnal knowledge and abuse of an unmarried woman under the age of fourteen years, which would require allegation in the indictment, and supporting proof that the woman was unmarried, and under fourteen years old. The constitutional provision operated only on the question of *consent* to sextual intercourse, *creating a new rule of evidence in the proof of consent*, declaring certain persons incapable of consenting. Therefore, as under the common law in an in-

dictment for rape, it was unnecessary to allege that the female was under ten years old, but notwithstanding that proof was allowed, or competent to be made, as to the age of the child, because to prove one *incapable* of consenting, either in law or by reason of physical condition, is tantamount to proving the *absence* of consent. In this State, there may be an indictment for rape without alleging that the female is unmarried and under fourteen years old, and, under such indictment, it may be proven by the State, in its testimony in chief, that the female is unmarried, and under fourteen years old, in order thereby to establish that the sexual intercourse was without consent, or such proof may be offered by the State, in reply to defendant's defense, that the female actually consented. We have shown that there was not only evidence on the part of the State tending to show that the sexual intercourse in this case was without the actual consent of Parralee Wimbush, was in fact had violently and against her will, as charged in the indictment, but the State also offered evidence that she was under fourteen years old, and, as we think, showed facts and circumstances tending powerfully to establish that she was unmarried. From what has been said above, we think the Circuit Judge was correct in overruling the motion for a new trial, on the ground that there was no evidence before the jury that Parralee Wimbush was an unmarried woman, at the time the offense was committed; hence the third exception alleging error in this regard is overruled.

It was earnestly argued that the Circuit Judge erred in refusing to charge defendant's second request to charge, as follows: "That if Parralee Wimbush consented to intercourse with the defendant, they cannot convict the defendant of rape." The Circuit Judge refused to charge in that form. In the first place, it would be entirely sufficient to say that there is in the case no exception bringing this refusal to charge before us. But in the second place, the request was properly refused. The request to charge assumed as a fact that Parralee was capable of con-

senting, and failed to take into account, on the question of consent, the constitutional provision hereinbefore discussed.

The seventh and eighth exceptions are as follows: "7. Because his Honor erred in charging the jury that if they recommended to mercy, the punishment would be life imprisonment, whereas, he should have charged them that they should find the age of the child by their verdict, and if the child was over ten years and under fourteen, where there was a recommendation to mercy, the sentence of the Court could not exceed fourteen years, but that if she was under ten years of age, it would be life imprisonment. 8. Because the jury having recommended the defendant to mercy, and the evidence showing that Parralee Wimbush was over ten and under fourteen, the Judge committed error in sentencing the prisoner to life imprisonment." As to the seventh exception, even if it be admitted that there was error in the charge as to the effect of a recommendation to mercy on the sentence, still since the verdict *contained* a recommendation to mercy, such error, if any, was harmless to the defendant. But the charge was not erroneous, as we shall see in the consideration of the eighth exception.

The proviso to the act of 1896, 22 Stat., 223, amending sec. 115, Criminal Statutes, is as follows: "Provided, however, that in any case when the woman or child is over the age of ten years, and the prisoner is found guilty, the jury may find a special verdict recommending him to the mercy of the Court, whereupon the punishment shall be reduced to imprisonment in the penitentiary for a term not exceeding fourteen years, at the discretion of the Court. It is well settled that where the punishment affixed to an offense has been reduced by a statute passed after the offense was committed, the punishment to be imposed is that fixed by the last statute. *State* v. *Williams*, 2 Rich., 418; *State* v. *Cooler*, 30 S. C., 105. In order that this rule may apply, the offense must be the same. In the case at bar the defendant was convicted and sentenced for *rape*, whereas the proviso above quoted pro-

vides for the punishement of one convicted for the *carnal knowledge and abuse of a woman child under the age of fourteen.* The two offenses, while having some points of resemblance, are distinct and separate. It is true, that in the body of this act it is provided, "If any person shall, unlawfully and carnally know and abuse any *woman child under the age of fourteen years*, every such unlawful and carnal knowledge shall be felony, and the offender thereof being duly convicted shall suffer as for rape," whereas the proviso says, "where the *woman* or *child* is over the age of *ten* years," still the provision must be construed with reference to the body of the act, and so construing, it means where the woman child (or woman or child) is *over* the age of ten years and *under* the age of fourteen years, punishment for unlawful carnal knowledge and abuse of her is made not to exceed fourteen years' imprisonment where the jury recommended to mercy in their verdict. This, therefore, in no way affects the punishment provided for rape, in section 114, Criminal Statutes, wherein a recommendation to mercy by the jury renders the punishment to life imprisonment. Had the legislature intended to reduce the punishment for rape beyond this, it would have so provided in express terms. The eighth exception is overruled.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE GARY, *dissenting.* As I cannot concur in the opinion of Mr. Justice Jones, I wish briefly to state the reasons for my dissent. Although the defendant was convicted of one of the most horrible crimes known to the law, and the testimony tends to show that, in gratifying his lust, he acted with unusual brutality, still his exceptions complaining of error on the part of the presiding Judge in the trial of the case against him are entitled to full and unprejudiced consideration by this Court. The indictment (so much of which as is necessary in considering the exceptions is set out in the opinion of Mr. Jus-

tice Jones) charges *rape, but there are no allegations as to
the age of the girl.*

During the examination of one of the State's witnesses,
the following took place: "How old is Parralee Wimbush?
(Mr. Miller, defendant's attorney, objects, as being irrele-
vant; objection withdrawn for the present.) Did Jim have
anything in his hand when he was there? Yes, sir; he had
his pistol in his hand. How old is Parralee? Parralee is
thirteen. (Mr. Miller objects. Objection overruled. Ex-
ception noted.) Mr. Miller: The Court will please note an
exception, on the ground that the girl, being under fourteen
years of age, the State should have alleged that she was
under the age of fourteen. Court: Yes, sir." The Court
refused to charge the defendant's second request, which is as
follows: "That if Parralee Wimbush consented to inter-
course with the defendant, they cannot convict the defend-
ant of rape." In his charge to the jury, the presiding
Judge said: "If you come to the conclusion that she is under
fourteen, then she cannot give her consent. The matter of
consent is out. She might with her lips consent, but the
Constitution, as adopted on the 4th of December last, makes
the limit of age fourteen, and consent given with her lips,
even if you find that, it would not be legal consent. So,
if you find that she is under fourteen, the consent is out of
the question." The appellant's fourth and fifth exceptions
are as follows: "4. Because his Honor ruled that the age of
consent was fourteen years, when he should have held that
the defendant was entitled to be tried under the law as it
stood at the time the act was committed, the age of consent
then being ten years. 5. Because his Honor allowed testi-
mony to be introduced as to the age of Parralee Wimbush,
there being no allegation as to her age in the indictment."

It is manifest, from the charge of the presiding Judge,
that the testimony, as to the age of the girl, was introduced
for the purpose of showing that she was incapable of con-
senting to sexual intercourse, under the provisions of the
new Constitution, and, therefore, if the jury came to the

conclusion that she was under fourteen years of age, the question of consent would be eliminated from their consideration. Rape and the unlawful carnal knowledge of an infant under ten (now fourteen years of age), are separate and distinct crimes, with different punishments prescribed by our statutes, when the jury find a special verdict, recommending the prisoner to the mercy of the Court. Under an indictment charging rape, but not alleging the age of the woman ravished, the jury may find the prisoner guilty of rape, even when she is under fourteen years of age, if the carnal knowledge was against her will, and without her consent. But if the State desires to get the benefit of the statutory or constitutional provision as to consent, the indictment must allege the age of the woman, as that may be an issuable fact in the case. The rule is well settled that an indictment must allege every material fact which it is necessary to prove, in order to convict the party indicted. The syllabus of the case of the *State* v. *O'Bannon*, 1 Bail., 144 (the report of the case only contains the syllabus), says: "In an indictment under the third section of the St. 4 & 5 P. & M., 8, for taking away a young woman under the age of sixteen years, against the consent of her parents, it is necessary to state that the defendant was *above the age of fourteen years*, and that the person taken away was a *maid or woman child.* It is not sufficient to describe the latter by her name. In setting out an offense against a statute, the defendant must be brought within all the material words of the statute, and nothing can be taken by intendment." The doctrine for which we contend is thus stated in 19 A. & E. Enc. of L., 956: "When the act is committed upon an infant under the age of consent, she must be described as such. But where her age is not alleged, a conviction may be had, if rape with force and against the consent of the child be alleged and proved." Numerous authorities are cited to sustain these principles, which are certainly at variance with the rulings and charge of the presiding Judge. The case of the *State*

v. *Greer*, 19 Am. Rep., 709 (50 Ind., 267), is so conclusive as to the necessity of alleging the age of the woman, in order to show that she was incapable of giving a legal consent to the unlawful carnal knowledge, that I will quote at length from it. The prisoner in that case was indicted for *rape*. The Court said: "It appeared on the trial of the cause, that the person charged to have been assaulted by the defendant was a female child, between eleven and twelve years of age, at the time of the assault. The Court gave, as applicable to the case, the following charge, to which the defendant excepted, viz: 'You will observe that if a person has carnal knowledge of a woman child, under the age of twelve years, he is guilty of rape, whether the carnal knowledge was with or without the consent of the child, for the law presumes that a child under the age of twelve years, is not capable of consenting to intercourse, so that a man having connection with her is guilty of rape, whether it was with her consent or not.' * * * The charge may have been correct as an abstract proposition, but it was clearly wrong as applied to the charge contained in the indictment. The indictment charges that Mary E. Clayes, the person charged to have been assaulted, was a woman, and that the defendant intended to carnally know her forcibly and against her will. The statute defining and providing punishment for rape, provides that 'every person who shall unlawfully have carnal knowledge of a woman against her will, or of a woman child under twelve years of age, shall be deemed guilty of rape,' &c. * * * This statute, it will be seen, enumerates two classes of facts, each of which constitutes a rape. First, it is a rape to unlawfully have carnal knowledge of a woman against her will. We take it that all females of the human species over twelve years of age are to be deemed women within the first clause of the statute. Second, it is a rape to unlawfully have carnal knowledge of a woman child under twelve years of age. In the second case, it is immaterial whether the child consents or not, for if she consents, the

act constitutes a rape, nevertheless.  But the prosecutor
cannot charge a rape of the one class and sustain the charge
by proof of a rape of the other class.  Nor can he charge
an assault and battery with intent to commit a rape of the
one class, and sustain the charge by  evidence of an intent
to commit a rape of the other class.  The variance between
the allegations and the proof is fatal.  This is established
by the following among other authorities that might be
cited: 1 Whart. Crim. Law, § 611; 1 Bish. Crim. Prac., 485,
886; *Turley* v. *The State*, 3 Humph., 323; *Hooker* v. *The
State*, 4 Ohio, 348; *The State* v. *Noble*, 15 Me., 476; *The
State* v. *Jackson*, 30 *Id.*, 29; *Dick* v. *The State*, 30 Miss.,
631." These views are sustained by the case of *State* v.
*Houx*, 32 Am. St. Rep., 686 (109 Mo., 654), in which the
Court says: "It is very clear that the age of the child, at
the time of the act, is a fact upon which the criminality of
the act absolutely depends, and it should, therefore, be
clearly and definitely charged. * * * As has been said, the
age of the girl was a material fact to be specially charged
in the indictment and proved upon the trial." The follow-
ing appears in the notes to that case in the Am. St. Rep.,
*supra:* "An indictment for rape of a female of unmentioned
age will not support a conviction of the offense of carnal
knowledge without the consent of a female under the age
of puberty.  *Warner* v. *State*, 54 Ark., 660." In the notes
to Arch. Cr. Pr. & Pl., page 999 (8th edition), we find the
following: "An indictment which charges that the defend-
ant, by force, and against the will of the female, ravished
and carnally knew her, need not aver that she was of the
age of ten years or more, such allegation only being neces-
sary when the indictment does not allege that the act was
done against her will.  *Com.* v. *Sugland*, 4 Gray, 7.  But
if the female be under the age of ten, then the fact should
be averred; because abusing such a female is made felony
by statute, whether she consents to the act or not.  *State*
v. *Farmer*, 4 Ised., 224." If the indictment had alleged
that Parralee Wimbush was under fourteen years, then it

21– 49

would have charged the statutory offense of unlawfully and carnally knowing and abusing a woman child under fourteen years of age.

It seems to me the opinion of Mr. Justice Jones practically decides that testimony showing that the woman was under fourteen years of age, *when the age is not alleged in the indictment*, is admissible to sustain the charge of *rape*, but when the age is alleged in the indictment, and the proof corresponds with the allegations, the defendant can only be convicted of the statutory offense of unlawfully and carnally knowing a woman child under fourteen years of age; that a person can be convicted of *rape* upon the same testimony that would sustain the allegations of an indictment charging him with the statutory offense of unlawfully and carnally knowing a woman child under fourteen years of age; that as a person can be convicted of rape on the same testimony that would sustain the allegations of an indictment charging the statutory offense aforesaid, the solicitor would have the right to determine the punishment in case of a recommendation by the jury to the mercy of the Court, by handing out an indictment for whichever of said crimes he might see fit. I see no use in keeping sec. 115, Crim. Law, on our statute book, if the views of Mr. Justice Jones are correct, unless for the purpose of enabling a solicitor beforehand to determine what shall be the punishment in case the jury recommends to mercy, as that section is practically annulled.

For these reasons I think the judgment should be reversed, and a new trial granted.