529 S.E.2d 719

**Frank TOOMER, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

No. 25098.

Supreme Court of South Carolina.

Submitted Dec. 15, 1999.

Decided March 27, 2000.

Rehearing Denied April 19, 2000.

---

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, and Assistant Attorney General J. Benjamin Aplin, all of Columbia, for petitioner.

Assistant Appellate Defender Melissa J. Reed Kimbrough, of South Carolina Office of Appellate Defense, of Columbia, for respondent.

TOAL, Justice:

The State appeals the Post–Conviction Relief ("PCR") court's granting of a new trial to respondent Frank Toomer ("Defendant"). We reverse the PCR court's grant to Defendant of a new trial.

## FACTUAL/PROCEDURAL BACKGROUND

In 1994, the State indicted Defendant for first degree sexual conduct ("CSC"). The State based the indictment on alleged assaults by Defendant upon his daughter Deborah beginning in the summer of 1971 when she was 11 years old. Deborah testified that the assaults continued from when she was 11 until she was 21. She stated the Defendant forced himself upon her and that the intercourse was not consensual.

At trial, Defendant denied the allegations against him. He also testified that during the time the alleged assaults occurred, he suffered from a medical condition that would have prevented him from committing the assaults.[1] Defendant also testified about a business dispute between himself and his

---

1. Defendant testified that prior to 1971 he had contracted a case of the mumps and failed to follow his doctor's advice. Defendant testified that this mistake rendered him impotent during the time the alleged assaults occurred.

children over the family's fishing boats. Defense counsel argued this business dispute motivated the accusations.

After presenting its case, the State amended the indictment to change the CSC charge to Rape. Prior to charging the jury, the trial court informed counsel that it planned to give the following jury charge:

> Force and resistance need not be established if the victim is under the age of consent. An underaged female is deemed to be legally incapable of giving consent. In a case involving a rape committed by a father upon his daughter, physical resistance is not required. Submission the compulsion of parental command is sufficient.

Defendant's attorney stated that he believed the charge was "an accurate statement of the law." After the close of argument, the judge actually charged the jury:

> The elements of Rape include carnal knowledge of a female, the use of force by the male, an intent to have intercourse, and the lack of consent by the victim. When the female is under the age of 14 years and unmarried the only other element necessary to prove—to be proven in order to establish the crime of Rape is the fact the defendant had sexual intercourse with her. *Where the female is under the age of consent force and resistance are immaterial and not necessarily—not necessary to constitute the offense.*

(emphasis added). Defense counsel did not object to the charge as given.

The jury found Defendant guilty of Rape. The trial judge sentenced him to 30 years in prison. Defendant did not directly appeal either his conviction or sentence. Defendant filed a PCR application on July 19, 1997, alleging lack of jurisdiction and ineffective assistance of counsel. At the PCR hearing, Defendant testified for himself along with two other witnesses. The State presented the testimony of Charles "Mike" Macloskie, Defendant's attorney during his trial.

On May 11, 1998, the PCR court issued an order granting Defendant a new trial. The PCR court determined that Defendant's counsel was ineffective for failing to object to the trial court's jury charge that it was unnecessary for the jury

to find Defendant used force if it found the victim was under the age of 14. The PCR court's order states:

> In my view, the jury charge was incorrect and the failure to object by trial counsel was ineffective assistance. The element of force is necessary to convict the Defendant of Rape. Had the indictment been for Statutory Rape, then force would not have been a necessary element. The charge to the jury that it could convict Toomer without finding force was highly prejudicial and his counsel was ineffective in not objecting to the charge.

The State appealed the PCR court's order and the issue before the Court is:

> Did the PCR court err in finding Counsel was ineffective for failing to object to the trial court's jury charge on Rape?[2]

### Law/Analysis

The State argues the jury charge given at trial was a correct statement of the law, and therefore, no error occurred. We agree.

The PCR court erred in holding the element of force is necessary to convict a defendant of Rape where the victim was under 14 years of age. Under South Carolina law, "Where the female is under the age of fourteen and unmarried, the only other element necessary to be proven in order to establish the crime of Rape is the fact that the defendant had sexual intercourse with her." *State v. Whitener,* 228 S.C. 244, 274, 89 S.E.2d 701, 716 (1955). In *Whitener,* the State charged the defendant with both common law Rape under S.C.Code Ann. § 16–71 (1952) and Carnal Knowledge of a Woman Child under S.C.Code Ann. § 16–80 (1952) (commonly referred to as Statutory Rape). Whitener argued that force was a necessary ingredient of the crime of common law Rape where the girl is under the age of 14 years. This Court disagreed and explained:

> The same reasoning whereby in the case of sexual intercourse with a woman who is unconscious or insane, the elements of force and resistance are held to be immaterial,

---

2. We note that Defendant did not appeal the denial of a new trial based on his other issues. These other issues are therefore final.

or conclusively presumed, to be immaterial, or conclusively presumed, with a female who is under the age of consent. In one case physically, in the other as a matter of law, she is incapable of consenting. Since evidence of consent, even if admissible, cannot avail as a defense against the charge of rape where the female is under the age of consent, it is manifest that in such case neither force on the part of the male nor resistance on her part is an essential ingredient of the crime.

*Whitener*, 228 S.C. at 273, 89 S.E.2d at 716. Based on this reasoning, the Court upheld Whitener's Rape conviction where his victim was younger than 14 years old and the jury did not have to find the element of force or lack of consent.

Defendant argues his situation is distinguishable from *Whitener* because he was charged only with Rape under Section 16–71 and not Carnal Knowledge of a Woman Child under Section 16–80. We disagree.

The Fourth Circuit Court of Appeals, applying South Carolina law, correctly rejected an argument identical to Defendant's in *Griffin v. Aiken*, 775 F.2d 1226 (4th Cir.1985). In *Griffin*, the defendant argued that he was charged with Rape but was effectively convicted of Statutory Rape because the trial judge did not charge the jury that it had to find the element of force or the unmarried status of the victim in order to convict. The Fourth Circuit held:

> Because section 16–71 [common law Rape] is subject to Article III, section 33 of the 1962 South Carolina Constitution which provides that an unmarried woman under the age of fourteen is incapable of consenting to sexual intercourse, the South Carolina Supreme Court has held that for purposes of proving rape the prosecution need only show that the defendant had sexual intercourse with a female under the age of fourteen.

*Id.* at 1231 (citing *State v. Haddon*, 49 S.C. 308, 27 S.E. 194, 197 (1897)). The Fourth Circuit also noted that "Although the elements of the two crimes [Section 16–71 and Section 16–80] are similar when the victim is under fourteen years of age, the two offenses are separate and distinct." *Id.* While under Section 16–80, a defendant may be convicted of Statutory Rape merely upon proof that he had sexual intercourse with a

female under the age of 16, Section 16–71 requires proof of an act of intercourse and proof that such act was performed by force or without the victim's consent. *Id.* (citing *State v. Whitener*, 228 S.C. 244, 89 S.E.2d 701 (1955)). Since women under the age of 14 cannot legally give consent, the additional requirement of force or lack of consent is satisfied by showing that the victim was under the statutory age of 14 when the intercourse occurred.

### CONCLUSION

Based on the foregoing, we **REVERSE** the PCR court's grant of a new trial.

FINNEY, C.J., MOORE, WALLER, and BURNETT, JJ., concur.