Judge RYAN delivered the opinion of the Court.
A special court-martial, composed of a military judge alone, convicted Appellant, pursuant to his pleas, of failing to go to an appointed place of duty, disobeying a commissioned officer, carnal knowledge, and sodomy with a child under sixteen, in violation of Articles 86, 90, 120, and 125, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 890, 920, 925 (2000). The sentence adjudged by the special court-martial and approved by the convening authority included a bad-conduct discharge, reduction to the lowest enlisted grade, and confinement for eighty days. The United States Army Court of Criminal Appeals summarily affirmed the findings and sentence. United States v. Wilson, No. ARMY 20040227 (A.Ct.Crim.App. May 15, 2006) (unpublished).
On Appellant’s petition, we granted review of the following issue:
WHETHER THE ARMY COURT ERRED BY AFFIRMING THE FINDINGS AND SENTENCE WHERE THE MILITARY JUDGE, IN ACCEPTING APPELLANT’S GUILTY PLEA TO SODOMY WITH A CHILD UNDER 16, *40 INSTRUCTED APPELLANT THAT HIS HONEST AND REASONABLE MISTAKE OF FACT DID NOT CONSTITUTE A DEFENSE.[1]
After hearing argument, this Court specified the following issue for a second round of briefing and argument and invited all government and defense appellate divisions to file briefs as amici curiae:
IS THE DEFENSE OF MISTAKE OF FACT AS TO AGE AVAILABLE WITH RESPECT TO A CHARGE OF SODOMY WITH A CHILD UNDER THE AGE OF 16, ARTICLE 125,10 U.S.C. § 825?[2]
The military judge determined at trial that there was no such defense. The Army Court of Criminal Appeals agreed in a summary disposition. We agree. There is no mistake of fact defense available with regard to the child’s age in the Article 125, UCMJ, offense of sodomy with a child under the age of sixteen.

Background

The facts, as they pertain to the granted and specified issues, need only be briefly recounted. The providence inquiry and stipulation of facts show that on or about September 13, 2003, through October 20, 2003, Appellant had sexual intercourse and engaged in sodomy at least once a day with TS. TS was, in fact, fifteen years old during this time. But TS told Appellant at their first meeting on September 13, 2003, that she was eighteen years old. The record presents conflicting evidence as to whether or when Appellant discovered TS’s actual age.
The charged Article 125, UCMJ, offense alleged that Appellant did “on divers occasions ... commit sodomy with [TS], a child under the age of 16 years.” At trial, the military judge informed Appellant that, “it’s also no defense if you were ignorant or misinformed as to [TS]’s true age. It’s the fact of her age not your knowledge or belief that affixes criminal responsibility.” Appellant asserts that the military judge’s statement on this point was incorrect, and argues that based on this incorrect statement of the law his plea should be set aside.

Analysis

Generally, the analysis as to whether a mistake of fact defense is available turns on the question whether a mistake with respect to the fact in question negates a required mental state essential to the crime charged. Wayne R. LeFave, Substantive Criminal Law § 5.6 (2d ed.2003). The answer to that question, in turn, is a matter of statutory construction, and, when necessary, an “‘inference of the intent of Congress.’ ” Staples v. United States, 511 U.S. 600, 605, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994) (quoting United States v. Balint, 258 U.S. 250, 253, 42 S.Ct. 301, 66 L.Ed. 604 (1922)). The statute may specifically list a mens rea for a fact, and the mens rea may differ for different facts that constitute the crime. See Carter v. United States, 530 U.S. 255, 268-69, 120 S.Ct. 2159, 147 L.Ed.2d 203 (2000); Liparota v. United States, 471 U.S. 419, 423 n. 5, 105 S.Ct. 2084, 85 L.Ed.2d 434 (1985).
Even where the statute, by its terms, does not provide a mens rea with respect to a particular fact, courts may read in an intent in order to effectuate “the background rule of the common law favoring mens rea.” Staples, 511 U.S. at 619 n. 17, 114 S.Ct. 1793. Under either of these two scenarios, Rule for Courts-Martial (R.C.M.) 916(j)(l) allows a mistake of fact defense.
Nor do we question that even where the statute does not require mens rea with respect to a particular fact, whether expressly or impliedly, the legislature or the executive may, as a matter of policy, explicitly add a mistake of fact defense. See Article 120, UCMJ; R.C.M. 916(j)(2) (providing a mistake of fact as to age defense when the sexual conduct involves a person at least twelve, but less than sixteen, years old).[3] In *41 other words, even though the government need not prove any mens rea with respect to a particular fact essential to the crime charged, a mistake of fact defense may be created by the appropriate policymaker.
The charge and specification in this case setting forth the violation of Article 125, UCMJ, required the Government to allege and prove that Appellant: (1) engaged in sodomy with TS, and (2) that TS was under the age of sixteen. See Manual for Courts-Martial, United States pt. IV, para. 51.e. (2005 ed.) (MCM) (listing facts that increase the maximum punishment); R.C.M. 307(c)(3) (stating that such facts need to be alleged). While the conduct charged under Article 125, UCMJ, in this ease remains criminal, an act of sodomy in private between consenting adults may not be, absent some other fact. See Lawrence v. Texas, 539 U.S. 558, 578, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003) (reasoning that the constitutionally protected sodomy did “not involve minors”); United States v. Marcum, 60 M.J. 198, 203-08 (C.A.A.F.2004) (noting Lawrence’s exceptions for cases involving minors, or persons “ ‘who might be injured or coerced or who are situated in relationships where consent might not easily be refused’ ” in upholding Article 125, UCMJ, as applied in a case of sodomy within the chain of command) (citation omitted).
It is because the criminal nature of the conduct in this case may depend upon the fact of age that we undertake the mens rea analysis with respect to that fact, and not because we otherwise hold that mens rea must exist for every fact that results in increased punishment in every offense. Thus, the question is whether there is mens rea with respect to the fact that TS was under sixteen: whether Appellant had to know that she was under sixteen. If not, the only remaining question is whether this Court should nonetheless provide a mistake of fact defense with respect to age, even where Appellant’s knowledge of that fact is irrelevant, and even where the appropriate policymakers have declined to do so.
I.
Given the language of Article 125, UCMJ, and the MCM, the manner in which almost every other criminal jurisdiction in the United States deals with the issue of knowledge with respect to age in sexual offenses involving children, and the studied inaction with respect to such a defense to sodomy with a child by Congress and the President, we decline to find or imply a mistake of fact defense with respect to the age of the child under Article 125, UCMJ.[4]
A.
The mens rea with respect to a fact essential to a charged offense is a “question of statutory construction.” Staples, 511 U.S. at 604, 114 S.Ct. 1793. We begin with the text of the statute in question. Connecticut Nat’l Bank v. Germain, 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). Article 125, UCMJ, states:
(a) Any person subject to this chapter who engages in unnatural carnal copulation with another person of the same or opposite sex or with an animal is guilty of sodomy. Penetration, however slight, is sufficient to complete the offense.
(b) Any person found guilty of sodomy shall be punished as a court-martial may direct.
The text of Article 125, UCMJ, simply does not specifically address the age of the child *42 for the aggravated offense of sodomy with a child, let alone include an explicit intent or knowledge requirement for that offense.
But the description of the offense in Article 125, UCMJ, does not end our textual analysis. Pursuant to Article 36, UCMJ, 10 U.S.C. § 836 (2000), and Article 56, UCMJ, 10 U.S.C. § 856 (2000), the President may set different maximum authorized punishments for an offense based on specific facts. See Loving v. United States, 517 U.S. 748, 769-70, 116 S.Ct. 1737, 135 L.Ed.2d 36 (1996) (recognizing that Congress has delegated to the President the authority to address modes of proof and punishment that a court-martial may direct); United States v. Kelson, 3 M.J. 139, 140-41 (C.M.A.1977) (stating that the President’s authority under Article 36, UCMJ, “is limited only by the requirement that the rules be consistent with the Constitution or other laws”) (citations omitted). In the case of Article 125, UCMJ, the President added, inter alia, a factor that may be pled and proven to increase the punishment — the age of the child.[5] MCM pt. IV, para. 51.b., 51.e.
As noted supra at pp. 40-41, we undertake a mens rea analysis with respect to the fact of age in this case, because it is that fact that likely makes the charged conduct criminal in this ease. But the President’s addition of the fact of the age of the child also does not contain an explicit mens rea. See MCM pt. IV, para. 51.b., 51.e. (requiring that the act was done with a child who had attained the age of twelve, but was under the age of sixteen).
B.
The want of an explicit mens rea with respect to the age of the child does not end the inquiry. Even in the absence of an express intent in the text, we construe the crime charged in light of “background rules of the common law.” Staples, 511 U.S. at 605, 114 S.Ct. 1793 (citing United States v. United States Gypsum Co., 438 U.S. 422, 436-37, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978)). A bedrock precept and assumption of the criminal law is that “an injury can amount to a crime only when inflicted by intention.” Morissette v. United States, 342 U.S. 246, 250, 72 S.Ct. 240, 96 L.Ed. 288 (1952). In construing the UCMJ and the MCM, therefore, the assumption is that there is no wish, as a general rule, to punish otherwise lawful conduct absent a vicious will. See Staples, 511 U.S. at 606, 114 S.Ct. 1793 (“Relying on the strength of the traditional rule, we have stated that offenses that require no mens rea generally are disfavored, and have suggested that some indication of congressional intent, express or implied, is required to dispense with mens rea as an element of a crime.”) (citations omitted).
Statutes such as Articles 120 and 125, UCMJ, criminalize sexual conduct that, but for some factor such as the age of the accused’s partner, may otherwise be lawful. Therefore, it initially appears as if this Court would be within its charter to imply a mens rea with respect to age under either article and to determine that Congress and the President intended not simply that the child be under a certain age, but also that a defendant knew or reasonably should have known that fact. For if a mens rea existed with respect to the fact of age, a mistake of fact defense would inexorably follow. See R.C.M. 916(jXl).
C.
But the Supreme Court has noted exceptions to the common law assumption otherwise auguring in favor of mens rea. Most often, the Supreme Court has determined that when the offense is deemed to be one directed at protecting the “public welfare” no mens rea is required. See United States v. Freed, 401 U.S. 601, 607, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971); United States v. Dotterweich, 320 U.S. 277, 281, 64 S.Ct. 134, 88 L.Ed. 48 (1943); United States v. Behrman, 258 U.S. 280, 287, 42 S.Ct. 303, 66 L.Ed. 619 (1922); United States v. Balint, 258 U.S. 250, 253, 42 S.Ct. 301, 66 L.Ed. 604 (1922). In the context of discussing why “public welfare offenses” do not require a mens rea, the *43 Supreme Court has noted another, separate common law exception to the mens rea requirement — the age of the child in sexual offenses involving children.[6] See Morissette, 342 U.S. at 251 n. 8, 72 S.Ct. 240 (“Exceptions [to a mens rea requirement] came to include sex offenses, such as rape, in which the victim’s actual age was determinative despite defendant’s reasonable belief that the girl had reached age of consent.”); United States v. X-Citement Video, Inc., 513 U.S. 64, 72 n. 2, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994) (reiterating distinction described in Morissette)-, see also United States v. Wilcox, 487 F.3d 1163, 1174 (8th Cir.2007) (recognizing the same and noting that federal courts have uniformly rejected the argument that there is a constitutional right to the defense that the defendant made a reasonable mistake as to the child’s age); see also Catherine L. Carpenter, On Statutory Rape, Strict Liability, and the Public Welfare Offense Model, 53 Am. U.L.Rev. 313 (2003) (cataloging and criticizing jurisdictions that allow an absence of mens rea with respect to the child’s age, thus making a mistake of fact defense unavailable); Sayre, supra note 6, at 72-74 (recognizing that a mistake of fact defense is not available with respect to the age of the child in sex offenses that are dependent on the child being below a specified age, even though the offenses are not public welfare offenses).
Of course, the Supreme Court, while opining in dicta that the historic practice is that the age of the child falls outside the normal mode of analysis and is akin to the public welfare model, has never so held. And it may well be, as some argue, see, e.g., People v. Hernandez, 61 Cal.2d 529, 39 Cal.Rptr. 361, 393 P.2d 673 (1964); Carpenter, supra, at 313, that the absence of a mens rea with respect to age in child sex offenses is an anachronism, and that sexual activities with children should be treated like any other crime. But the convention recognized by the Supreme Court is mirrored by the actual treatment of mens rea with respect to the age of the child in sexual offenses involving children in other jurisdictions, and the different treatment of the same between Articles 120 and 125, UCMJ. Convinced that creation of such a defense under Article 125, UCMJ, is a decision for policymakers, and not this Court, we decline to read a mens rea with respect to the age of the child into Article 125, UCMJ.
D.
This view is supported by the practice in other jurisdictions. Absent the affirmative creation of either an actual mens rea requirement with respect to the age of the child or a mistake of fact defense even where proof of mens rea is not otherwise required by the appropriate policy-making body, an age-based mistake of fact defense has been found by only four courts. Hernandez, 39 Cal. Rptr. 361, 393 P.2d at 673; Perez v. State, 111 N.M. 160, 803 P.2d 249 (1990); State v. Elton, 680 P.2d 727 (Utah 1984); State v. Guest, 583 P.2d 836 (Alaska 1978). But Perez, Elton, and Guest have been superseded by statute, leaving California as the only jurisdiction currently operating under a judicially created mistake of fact defense. See Alaska Stat. § 11.41.445(b) (2007); N.M. Stat. Ann. § 30-9-11 (West 2007); Utah Code Ann. § 76-2-304.5 (2007).
Twenty-two states have no provision in their statutory framework for a mistake of fact defense when the sexual activity involves children: there is neither a mens rea with respect to age nor an explicit defense. All but one of those states’ courts have declined to recognize a mistake of fact defense with respect to the age of the child.[7]
*44 In a very few states, a mens rea is explicitly required with respect to the age of the child. See, e.g., Ohio Rev.Code Ann. § 2907.04(A) (West 2007) (prosecution must prove knowledge or recklessness with respect to age of a child between the ages of thirteen and sixteen). Under these statutory schemes, the government must prove not only the child’s age, but also that the defendant knew or should have known the child’s age.
In another twenty states, while the government need not prove the defendant knew or reasonably should have known the age of the child, a legislatively created mistake of fact defense does exist, is explicitly outlined in a statute, and most often is available only for sexual acts with children above a certain age.[8]
The latter model is mirrored both in a charged violation for carnal knowledge and other sexual offenses under Article 120, UCMJ, and the federal civilian analog, 18 U.S.C. § 2243(d) (2000). Neither requires that the government prove the accused knew the age of the child. But both contain an explicit mistake of fact defense, limited to children above a certain age only. Article 120(o), UCMJ, 2006 NDAA § 552, 119 Stat. at 3258-59; 18 U.S.C. § 2243(d).
The remaining seven states and the District of Columbia have taken the prudential step of explicitly forbidding a mistake of fact defense with regard to sex crimes involving children, thereby foreclosing litigation of the sort raised in the instant case.[9]
In those jurisdictions that have departed from the historical treatment of sexual offenses involving children and permitted a mistake of fact defense with respect to the age of the child, the changes have almost always been made by the appropriate policymakers, not the judiciary.
II.
The parties argue that this Court should assume a mistake of fact defense with respect to the age of the child under Article *45 125, UCMJ, by reference to Article 120, UCMJ, R.C.M. 916, and the federal statute, 18 U.S.C. § 2243(d). All of the provisions are instructive, but not for the reasons articulated by the parties.
A.
Like the sodomy charge in this case, carnal knowledge under Article 120, UCMJ, and “sexual acts” under 18 U.S.C. § 2243 criminalize consensual sexual activity based on the age of the child. In 1996, Congress included an explicit mistake of fact defense as to age in Article 120, UCMJ, mirroring a similar defense in 18 U.S.C. § 2243, but did not provide one in Article 125, UCMJ. MCM, Analysis of Punitive Articles app. 23 at A23-14. And the same year the President included a mistake of fact defense as to age in R.C.M. 916(j)(2) for Article 120, UCMJ, but did not provide one for Article 125, UCMJ. MCM, Analysis of the Rules for Courts-Martial app. 21 at A21-64. There is no reason to assume that this inaction by Congress and the President, who have had numerous opportunities to address the differences between the various provisions, somehow requires this Court read a mistake of fact defense into Article 125, UCMJ.[10]
The parties argue that the similarity of the statutes, Congress’s desire to conform military law to federal civilian law, and the fact that the conduct charged under Article 125, UCMJ, in this case would ostensibly fall within 18 U.S.C. § 2243 in the civilian world, require us to read the defense into Article 125, UCMJ, to harmonize the statutory scheme and effectuate legislative intent.[11] These arguments have no support in the structure of the statutory scheme or legislative or executive intent as expressed in the respective histories of the different statutes and the MCM. Moreover, the parties fail to explain why, if Congress wished to conform Article 125, UCMJ, to civilian practice, they did not simply amend the statute to include age or a defense to age, thereby superseding the President’s inclusion of age as a factor in the MCM, or why the President did not amend R.C.M. 916(j), or MCM pt. IV, para. 51., to include a mistake of fact defense as to age.[12]
1.
First, where Congress intended to create a mistake of fact defense with respect to the age of a child in a sexual offense when a defendant’s knowledge of that fact was otherwise irrelevant to the offense charged, it did so explicitly. Articles 120 and 125, UCMJ, and 18 U.S.C. § 2243, deal with offenses of a similar nature, and each criminalizes behavior that could otherwise be lawful, but for some factor such as age. And, as conceded by the parties, none of the three statutes require the government prove that the accused knew the age of the child. Taking all three statutes together, it becomes clear that even though the government need only prove the fact of age, and not that an accused knew or reasonably should have known that fact, Congress nonetheless provided a mistake of fact defense with respect to some ages and some sexual activities in some instances, and not for all ages and all sexual activities in all instances.
The Supreme Court has consistently held that “ ‘[Where] Congress includes particular language in one section of a statute but omits *46 it in another section ... it is generally presumed that Congress acts intentionally and purposely in the disparate ... exclusion.’ ” Russello v. United States, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983) (citation omitted); see also Keene Corp. v. United States, 508 U.S. 200, 208, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993) (finding that the use of a phrase in one part of a statutory scheme “only underscores our duty to refrain from reading a phrase into the statute when Congress has left it out” of another section). In light of this rule of construction, we decline to read a mistake of fact defense as to the age of the child into Article 125, UCMJ.
2.
Nor does legislative intent as expressed through legislative action support a mistake of fact defense here. The parties argue, from the respective histories of Articles 120 and 125, UCMJ, that Congress intended to harmonize the legislative scheme, but overlooked Article 125, UCMJ. After reviewing the history of both statutes, we fail to see support for this position. We must assume Congress understood the background principles, discussed supra, regarding mens rea, statutory construction, and the different treatment of mens rea with respect to the fact of age in the context of child sex offenses. Put succinctly, “Congress does not write upon a clean slate.” United States v. Texas, 507 U.S. 529, 534, 113 S.Ct. 1631, 123 L.Ed.2d 245 (1993) (citation omitted). In this case, we find no evidence that Congress intended to abrogate the principle reflected in the practice of the majority of jurisdictions that the crime of sodomy with a child does not contain a mens rea with respect to the age of the child or permit a mistake of fact defense absent legislative action. See Morissette, 342 U.S. at 251 n. 8, 72 S.Ct. 240.
Congress first revisited the statutory scheme pertaining to sexual offenses involving children in the National Defense Authorization Act (NDAA) for Fiscal Year 1996. Congress added an affirmative defense of mistake of fact for an Article 120, UCMJ, offense committed against a person over the age of twelve and under the age of sixteen to “conform military law to federal civilian law,” but did not include a defense for sodomy. S.Rep. No. 104-112, § 532, at 243 (1995); H.R.Rep. No. 104-131, § 545, at 218 (1995); see 1996 NDAA Pub.L. No. 104-106, § 1113, 110 Stat. 186, 462 (codified as amended at 10 U.S.C. § 925 (1996)).
In 2005, as required by Congress, the Department of Defense General Counsel submitted a report detailing proposed changes regarding sexual offenses under the UCMJ. See H.R.Rep. No. 108-767, § 571, at 111 (2004), U.S.Code Cong. & Admin.News 2004, pp. 1961, 2034 (Conf.Rep.). This report explicitly requested that the mistake of age defense be removed from possible defenses to carnal knowledge under Article 120, UCMJ. The report also requested that Article 125, UCMJ, be brought in line with federal civilian law by requiring the prosecution to prove that the act of unnatural copulation was done by force. The report did not suggest the inclusion of a mistake of age defense to sodomy. Dept, of Defense, Proposed Amendments to the Uniform Code of Military Justice with Initial DOD Draft of Complementary Proposed Changes to the Manual for Courts-Martial (submitted to Congress on April 7, 2005), available at http://www.dod.mil/dodgc/php/docs/HASC Meeting42105.pdf.
The House of Representatives did not accept the Department of Defense recommendations. Instead, it maintained the mistake of fact with respect to age defense for carnal knowledge, and passed an amendment to Article 120, UCMJ, that created a series of graded offenses. H.R.Rep. No. 109-89, § 555, at 332 (2005) (amendment accepted in H.R.Rep. No. 109-360, § 552, at 703 (2005) (Conf.Rep.), U.S.Code Cong. & Admin.News 2005, p. 1678). Neither house of Congress proposed amendments to Article 125, UCMJ, despite significant amendments to related provisions.
Most recently, in the 2006 NDAA, Congress completely rewrote Article 120, UCMJ. § 552, 119 Stat. at 3257-63. As currently enacted, Article 120, UCMJ, covers not only the offenses of rape and carnal knowledge, but also, inter alia, aggravated sexual assault of a child, aggravated sexual abuse of a child, *47 aggravated sexual contact with a child, and indecent liberties with a child. Id. Congress retained a mistake of fact provision in the new version of the statute where the criminality of the conduct in question depended on the child being less than sixteen years old, but over the age of twelve. Id. at 3258-59. Despite this major revision to a statute applicable to many sexual offenses involving minors, sodomy was not included within it, and again, no changes were made to Article 125, UCMJ. We decline to redraft Article 125, UCMJ, to include a defense that Congress might have added, but did not.
3.
Nor is executive action to the contrary. The Manual for Courts-Martial has undergone four major amendments since R.C.M. 916(j)(2) added a mistake of age defense for the offense of carnal knowledge in 1996. MCM (1998 ed.); MCM (2000 ed.); MCM (2002 ed.); MCM (2005 ed.). And in 2007, R.C.M. 916(j)(2) itself was amended to comport with the new version of Article 120, UCMJ. Exec. Order No. 13,447, 72 Fed.Reg. 56,179. Again, no corresponding provision was included for sodomy.
While legislative or executive inaction is not dispositive, the fact that neither Congress nor the President have acted with respect to Article 125, UCMJ, or the MCM, while specifically adding, and then maintaining, a mistake of fact defense with respect to the age of the child for Article 120, UCMJ, cuts against the suggestion that either Congress or the President intended to harmonize the legislative scheme.
B.
Finally, we note that Article 120, UCMJ, and R.C.M. 916(j)(2), provide a mistake of fact defense only for those acts committed against a child who has “attained the age of twelve years.” Almost every legislature that has adopted a mistake of fact defense, has taken a similar tack, making the defense available only for children over a certain age. See supra note 8. There are obvious public policy reasons for, and sound judgments behind, this approach. But whether, and at what point, the line should be drawn for a mistake of fact defense with respect to age for the crime of sodomy with a child are public policy decisions, not decisions for this Court.
III.
Our conclusion that there is no mistake of fact defense as to the child’s age for this Article 125, UCMJ, offense is dispositive as to the originally granted issue. “This Court rejects a guilty plea only where the record shows a substantial basis in law and fact for questioning a plea. We review a military judge’s decision to accept a guilty plea for an abuse of discretion.” United States v. Harrow, 65 M.J. 190, 205 (C.A.A.F.2007) (citations omitted). As Appellant’s guilty plea is rooted in the military judge’s correct statement and application of the law, Appellant’s guilty plea is provident.

Conclusion

The decision of the United States Army Court of Criminal Appeals is affirmed.

. 64 MJ. 438 (C.A.A.F.2007).

. 65 MJ. 254 (C.A.A.F.2007).

. We note that Article 120, UCMJ, and the R.C.M. 916(j) elucidation of the Article 120, UCMJ, mistake of fact defense, as applicable at the time of Appellant’s case, have since been amended. See National Defense Authorization Act (NDAA) for Fiscal Year 2006, Pub.L. No. 109-163, § 552, 119 Stat. 3136, 3257-63 (West) (to be codified as amended at 10 U.S.C. § 920); Exec. Order No. 13,447, 72 Fed.Reg. 56,179 *41 (Oct. 2, 2007). These changes do not affect our analysis in this case as both the 2000 and 2006 version of Article 120, UCMJ, contain a mistake of fact defense as to the age of a child when the criminality of the conduct in question turns on the child being older than twelve and younger than sixteen. See Article 120(d), UCMJ, 10 U.S.C. § 920 (2000); Article 120(o), UCMJ, 2006 NDAA § 552, 119 Stat. at 3258-59.

. Both parties cite this Court’s opinion in United States v. Zachary, 63 M.J. 438 (C.A.A.F.2006), to support the position that a mistake of fact defense exists with respect to the age of the child for the offense of sodomy with a child under sixteen. In dicta, Zachary opined that such a defense would be available. Id. at 442. However, Zachary was not a case involving an Article 125, UCMJ, sodomy charge. With that issue now presented squarely to this Court, we hold otherwise.

. In this case, Appellant was charged with, and pled guilty to, the factor added by the President in the MCM and there is no question that R.C.M. 307(c)(3) was complied with.

. In our view it is incorrect to characterize sex offenses involving children as “public welfare” offenses per se. An Article 125, UCMJ, sodomy offense is not a "public welfare” offense. Such offenses typically serve a regulatory function, have relatively minor penalties, and almost never involve imprisonment. See Staples, 511 U.S. at 616-18, 114 S.Ct. 1793; Balint, 258 U.S. at 251-53, 42 S.Ct. 301. Article 125, UCMJ, is not regulatory in nature, and the maximum authorized punishment includes twenty years imprisonment. See Francis Bowes Sayre, Public Welfare Offenses, 33 Colum. L.Rev. 55, 72-74 (1933).

. Miller v. State, 16 Ala.App. 534, 79 So. 314, 315 (1918); see also Ala.Code § 13A-6-62 (2007) (commentary); State v. Blake, 63 Conn.App. 536, 777 A.2d 709, 713 (2001); Pritchard v. State, *44 2004 Del. LEXIS 61, at *4, 2004 WL 249419, at *l-*2 (Del. Feb. 4, 2004); Haywood v. State, 283 Ga.App. 568, 642 S.E.2d 203, 204 (2007); State v. Buch, 83 Hawaii 308, 926 P.2d 599, 607 (1996); State v. Stiffler, 117 Idaho 405, 788 P.2d 220, 222 (1990); State v. Tague, 310 N.W.2d 209, 212 (Iowa 1981); Walker v. State, 363 Md. 253, 768 A.2d 631, 632 (2001); Commonwealth v. Montalvo, 50 Mass.App.Ct. 85, 735 N.E.2d 391, 393-94 (2000); People v. Cash, 419 Mich. 230, 351 N.W.2d 822, 826 (1984); Collins v. State, 691 So.2d 918, 923 (Miss. 1997); State v. Navarrete, 221 Neb. 171, 376 N.W.2d 8, 11 (1985); Jenkins v. State, 110 Nev; 865, 877 P.2d 1063, 1067 (1994); Goodrow v. Perrin, 119 N.H. 483, 403 A.2d 864, 867-68 (1979); State v. Anthony, 133 N.C.App. 573, 516 S.E.2d 195, 199 (1999); Reid v. State, 290 P.2d 775, 784 (Okla.Crim.App. 1955); State v. Yanez, 716 A.2d 759, 764 (R.I. 1998); Toomer v. State, 339 S.C. 434, 529 S.E.2d 719, 721 (2000); State v. Fulks, 83 S.D. 433, 160 N.W.2d 418, 420 (1968), overruled on other grounds by State v. Ree, 331 N.W.2d 557, 562 (S.D.1983); Johnson v. State, 967 S.W.2d 848, 849-50 (Tex.Crim.App.1998); State v. Searles, 159 Vt. 525, 621 A.2d 1281, 1283 (1993); Rainey v. Commonwealth, 169 Va. 892, 193 S.E. 501, 502 (1937). California is the only state that currently reads a mistake of fact defense into a statute that does not include one. Hernandez, 39 Cal.Rptr. 361, 393 P.2d at 673. But the courts have still noted that sex crimes with children are treated as strict liability crimes when the child is below a certain age. See Cal.Penal Code §§ 261.5, 288 (West 2007); People v. Olsen, 36 Cal.3d 638, 205 Cal.Rptr. 492, 685 P.2d 52, 57 (1984); see also United States v. Gomez-Mendez, 486 F.3d 599, 603-04 (9th Cir.2007).

. Ariz.Rev.Stat. Ann. § 13-1407 (2007); Ark. Code Ann. § 5-14-102 (2007); Colo.Rev.Stat. Ann. § 18-1-503.5 (West 2007); 720 Ill. Comp. Stat. Ann. 5/12-17 (West 2007); Me.Rev.Stat. Ann. tit. 17-A §§ 253, 254 (2007); Minn.Stat. Ann. § 609.344 (West 2007); Mo. Ann. Stat. § 566.020 (West 2007); Mont.Code Ann. § 45-5-511 (2007); N.M. Stat. Ann. § 30-9-11 (West 2007); N.D. Cent.Code § 12.1-20-01 (2007); Ohio Rev.Code Ann. § 2907.02 (West 2007); Or. Rev.Stat. Ann. § 163.325 (West 2007); 18 Pa. Cons.Stat. Ann. § 3102 (West 2007); Tenn.Code Ann. § 39-11-502 (West 2007); Wash. Rev.Code Ann. § 9A.44.030 (West 2007); W. Va.Code Ann. § 61-8B-12 (West 2007); Wyo. Stat. Ann. § 6-2-308 (2007). Three states make the mistake of fact defense available in all cases involving minors. Alaska Stat. § 11.41.445(b) (2007); Ind. Code Ann. § 35-42-4-3(c) (West 2007); Ky.Rev. Stat. Ann. § 510.030 (West 2007).

. D.C.Code 22-3011 (2007); Fla. Stat. Ann. § 794.021 (West 2007); Kan. Stat. Ann. § 21-3202 (2007); La.Rev.Stat. Ann. § 14:80C (2007); N.J. Stat. Ann. § 2C14-5.C. (West 2007); N.Y. Penal Law § 15.20 (McKinney 2007); Utah Code Ann. § 76-2-304.5 (2007); Wis. Stat. Ann. § 939.43 (West 2007).

. To the extent that constitutional challenges may be available based on any differences between the MCM, Articles 120 and 125, UCMJ, and 18 U.S.C. § 2243, the parties chose not to challenge the constitutionality of Article 125, UCMJ, in this case.

. Of course, the delineated mistake of fact defense in both Article 120, UCMJ, and 18 U.S.C. § 2243, would have been unnecessary had there been a mens rea with respect to age either explicit or latent in the statute. See R.C.M. 916(j)(l); LeFave, supra, at § 5.6(a).

. It is suggested that the appropriate policy-making bodies may have been reluctant to amend Article 125, UCMJ, because the policy regarding homosexuals in the military is politically sensitive. United States v. Wilson, 66 M.J. at 50 (Effron, C.J., dissenting). Taking that hypothesis as true, and setting aside the fact that this case involves heterosexual sodomy, the combination of the parties’ agreement that the rule should be changed for policy reasons, with the assumed fact that it has been difficult for elected officials to effectuate that change, still does not permit this Court to make a public policy determination by judicial fiat.