# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

v.

## Amanda S. GOGO
### Boatswain's Mate Third Class (E-4), U.S. Coast Guard

## CGCMG 0238

## Docket No. 1292

## April 15, 2009

General Court-Martial convened by Commander, Maintenance and Logistics Command Atlantic. Tried at Norfolk, Virginia, on 12 July 2007.

| | |
|---|---|
| Military Judge: | CAPT Brian M. Judge, USCG |
| Trial Counsel: | LT Andrew P. Grant, USCGR |
| Assistant Trial Counsel: | LT Emily L. Reuter, USCG |
| Defense Counsel: | LT Michael T. Hom, JAGC, USN |
| Appellate Defense Counsel: | CDR Necia L. Chambliss, USCGR |
| Appellate Government Counsel: | LT Ronald B. Seely, USCGR |

## BEFORE
## McCLELLAND, KENNEY & TOUSLEY
Appellate Military Judges

KENNEY, Judge:

Appellant was tried by general court-martial, military judge alone. Pursuant to her pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of wrongfully using cocaine, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), one specification of sodomy with a child under the age of 16, in violation of Article 125, UCMJ, and one specification of indecent acts with a child under the age of 16, in violation of Article 134, UCMJ. The military judge sentenced Appellant to confinement for twelve months, forfeiture of all pay and allowances, reduction to E-1, and a bad-conduct discharge. The Convening Authority approved the sentence as adjudged. The pretrial agreement had no effect on the adjudged sentence.

Before this Court, Appellant has assigned the following errors:

I.      Appellant's guilty plea to sodomy with a child of twelve but not yet sixteen years of age under Article 125, UCMJ, was improvident because the evidence adduced at the court-martial was insufficient to establish a requisite element of intent.

II.     Appellant was denied effective assistance of counsel when her trial defense counsel failed to inform her of the possibility that her confession to Coast Guard Investigative Services was inadmissible.

III.    An unsuspended bad-conduct discharge and twelve months confinement is an inappropriately severe sentence considering the surrounding circumstances and in comparison with similar Coast Guard cases.

Since Appellant submitted her Assignment of Errors and Brief, arguing her reasonable belief that the child was at least sixteen renders her plea to sodomy with a child improvident, the Court of Appeals for the Armed Forces has held that there is no intent (*mens rea*) with respect to the age of the child, and thus no mistake of fact defense available with regard to the child's age, under Article 125, UCMJ. *United States v. Wilson,* 66 M.J. 39, 43, 47 (C.A.A.F. 2008). Therefore we summarily reject the first assignment of error. For the reasons discussed below, we also reject the remaining two assignments of error and affirm.

**Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel, Appellant must show (1) that her counsel's errors were so serious that he was not functioning as the counsel guaranteed by the Constitution's Sixth Amendment; and (2) that counsel's deficient performance resulted in prejudice, which deprived her of a fair trial, that is, one whose result is reliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Scott*, 24 M.J. 186, 188 (C.M.A. 1987); *United States v. Caldwell*, 48 M.J. 834, 835 (C.G.Ct.Crim.App. 1998). Counsel is presumed competent unless Appellant overcomes that presumption using the three-prong test articulated in *United States v. Grant*, 49 M.J. 295, 299 (C.A.A.F. 1998) (citing *United States v. Polk,* 32 M.J. 150, 153 (C.M.A. 1991)). Those three prongs are: (1) whether appellant's allegations are true, and, if so, whether there is a reasonable explanation for defense counsel's actions; (2) if the allegations are true, whether defense counsel's level of advocacy fell measurably below the performance ordinarily expected of fallible lawyers; and (3) if defense counsel was ineffective,

whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt. *Grant*, 49 M.J. at 299.

In an affidavit filed with this Court pursuant to our order, trial defense counsel, while disputing Appellant's allegation that he did not discuss the possibility of moving to suppress her confession to the Coast Guard Investigative Service, avers that even if he had been successful in suppressing that evidence, he believed that there was additional evidence pointing towards Appellant's guilt. (LT Hom Aff. 2.) The record corroborates this, indicating there is potential eyewitness testimony to all charged offenses. (Prosecution Ex. 1.) Further, defense counsel believed that litigating a motion to suppress the confession would detrimentally impact his ability negotiate a plea agreement with the Government. (LT Hom Aff. 2.)

Assuming, without deciding, that Appellant's allegations are true,[1] we find defense counsel's explanation of his actions to be reasonable and well within the standards of advocacy and performance expected of counsel within the military justice system. We find that Appellant has not overcome the presumption of competence of counsel in this case, thus we need not reach the third prong of the test in *Grant.* Appellant's second assignment of error is rejected.

**Inappropriately Severe Punishment**

Appellant asks this Court to disapprove her adjudged and approved punitive discharge because, *inter alia*, even if mistake of fact is not available as a defense to the charge of sodomy under Article 125, UCMJ, Appellant's belief that the victim was above the age of 16 at the time of the offense should be considered as circumstance surrounding the offense, citing *United States v. Aurich*, 31 M.J. 95, 97 (C.M.A. 1990). Further, Appellant claims that there is a disparity between her sentence and sentences awarded in other, similar cases in the Coast Guard.

The defense of mistake of fact is not available for offenses charged under Article 125, UCMJ. *Wilson*, 66 M.J. at 40. We agree with Appellant that the unavailability of the defense

---

[1] Appellant asserts that Defense Counsel failed to inform her of the possibility that her confession was inadmissible. What she actually said in her affidavit is that "if [she] had believed that [her] statement might have been inadmissible at trial, [she] would not have pleaded guilty." (Gogo Aff. 2.) This is not the same as saying that counsel did not inform her of the issue or discuss it with her.

does not preclude consideration of a reasonable, mistaken belief as to the age of the victim by this Court in determining, on the basis of the entire record, whether the sentence is correct in law and fact pursuant to Article 66, UCMJ. In this case, we find Appellant's argument that her mistaken belief warrants reduction of the sentence unconvincing. Appellant engaged in two, separate sexual encounters with the victim, on different days. (Prosecution Ex. 1). While Appellant may not have known the true age of the victim during their first encounter leading to the charge under Article 125, UCMJ, she admitted that she knew the true age of the victim at the time of the second encounter. *Id.* We note that the military judge indicated he would not adjudge a different sentence if the offense had been merely sodomy rather than sodomy with a child, and that he considered the victim's age to be aggravation of the offense of mere sodomy. (R. at 46-47, 105; Appellate Ex. VII.) On the basis of the entire record, Appellant's claims do not convince us to disturb the sentence on the basis of mistake of fact.

With respect to Appellant's claim of disparate sentencing, Courts of Criminal Appeals must in engage in sentence comparison in closely related cases where disparate sentences are adjudged. *United States v. Harris,* 67 M.J. 550, 553 (C.G.Ct.Crim.App. 2008) (citing *United States v. Lacy*, 50 M.J. 286, 287-88 (C.A.A.F. 1999)). In support of her claim, Appellant offers sanitized trial and sentencing data periodically disseminated by the Coast Guard Office of Military Justice in good order and discipline reports.[2] She points to four cases involving sexual offenses with children. These reports do not contain any names, or other details of the offenses. There is no reason to believe any of these examples are closely related to the case at hand. None of them appears to include an additional offense comparable to Appellant's cocaine offense. Therefore, as in *Harris*, we decline to engage in sentence comparison.

Considering the entire record before us, we find Appellant's sentence, including her bad-conduct discharge and confinement, appropriate in this case.

---

[2] We take judicial notice that for several years, the Coast Guard has published quarterly summaries of disciplinary and administrative actions taken against military and civilian personnel who "failed to uphold the high ethical, moral, and professional standards we share as members of the Coast Guard." Examples of these reports can be found at: http://cgcentralweb.uscg.mil/clink/3380 (This website is not accessible by non-Coast Guard persons.)

**Decision**

We have reviewed the record in accordance with Article 66, UCMJ.  Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved.  Accordingly, the findings of guilty and the sentence as approved below are affirmed.

Chief Judge McCLELLAND and Judge TOUSLEY concur.

For the Court,

Ryan M. Gray
Clerk of the Court
