# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Airman JAMES O. DAVIDSON III
### United States Air Force

### ACM S32241

### 4 August 2015

Sentence adjudged 31 March 2014 by SPCM convened at Joint Base San Antonio-Lackland, Texas. Military Judge: Wendy L. Sherman (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 14 days, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Melissa Biedermann.

Appellate Counsel for the United States: Lieutenant Colonel John E. Owen; and Gerald R. Bruce, Esquire.

Before

MITCHELL, TELLER, and BENNETT
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

BENNETT, Judge:

At a special court-martial composed of a military judge sitting alone, the appellant providently pled guilty pursuant to a pretrial agreement to wrongful use of marijuana on divers occasions, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The appellant was sentenced to a bad-conduct discharge, confinement for 14 days, and a reduction in grade to E-1. The convening authority approved the sentence as adjudged.

On appeal, the appellant contends that the military judge abused her discretion by admitting into evidence a memorandum informing the accused that his promotion to E-5 was being withheld. We disagree and affirm the findings and the sentence as adjudged.

*Background*

Prosecution Exhibit 6 is a certified true copy of a one page "Notification of Withhold" memorandum. The memorandum was provided to the appellant by his commander to make him aware that, in accordance with Air Force Instruction (AFI) 36-2502, *Airman Promotion Program*, ¶ 4.2.1.1 (31 December 2009), his promotion to the grade of E-5 was being withheld pending an investigation. The memorandum is dated 29 August 2013, but it contains no information concerning the nature or outcome of the investigation. The appellant acknowledged receipt of the memorandum by signing a first indorsement at the bottom of the page.

Trial defense counsel objected to the exhibit as not being appropriate for consideration during presentencing under Rule for Courts-Martial (R.C.M) 1001(b)(2).

Additional facts necessary to resolve the assigned error are included below.

*Analysis*

A military judge's ruling admitting evidence is reviewed for an abuse of discretion. *United States v. Sullivan*, 42 M.J. 360, 363 (C.A.A.F. 1995). Evidentiary rulings are frequently based on mixed questions of fact and law. *United States v. Ohrt*, 28 M.J. 301, 303 (C.M.A. 1989). "We will reverse for an abuse of discretion if the military judge's findings of fact are clearly erroneous or if his decision is influenced by an erroneous view of the law." *Sullivan*, 42 M.J. at 363. A military judge's exercise of discretion is reviewed on the basis of the facts before the judge at the time of the ruling. *United States v. Grant*, 49 M.J. 295, 297 (C.A.A.F. 1998).

Commanders must withhold an airman's promotion if he or she is under investigation by military or civilian authorities. AFI 36-2502, Table 1.2, Item 5. When an Airman's promotion is withheld, the Airman must be notified in writing. *Id*. at ¶ 4.2.1.1. A commander must obtain a written acknowledgment of the notification, and the notification must be filed in the Airman's personnel records. *Id*. at ¶¶ 4.2.1.2 and 4.2.1.3.

R.C.M 1001(b)(2) permits the prosecution to introduce, during the presentencing phase of a court-martial, personal data and evidence that characterize the prior service of an accused. This evidence may be obtained from the personnel records of an accused and may include "any records made or maintained in accordance with departmental

regulations that reflect the past military efficiency, conduct, performance and history of the accused." R.C.M. 1001(b)(2).

On appeal, the appellant avers that Prosecution Exhibit 6 is not a record that reflects his "past military efficiency, conduct, performance, and history." We disagree. A memorandum notifying the accused that his promotion is being withheld pending an ongoing investigation reflects all of these things. Moreover, Prosecution Exhibit 6 is a personnel record that was maintained in the appellant's personnel records in accordance with Air Force departmental regulations.

R.C.M. 1001(b)(2) does not give the prosecution "blanket authority to introduce all information that happens to be maintained in the personnel records of an accused." *United States v. Ariail*, 48 M.J. 285, 287 (C.A.A.F. 1998). However, evidence that the appellant's promotion is being delayed pending the outcome of an investigation fits squarely within the ambit of the rule. No other issue concerning the admissibility of Prosecution Exhibit 6 was raised at trial, and we find that the military judge did not abuse her discretion by admitting it.

## *Conclusion*

The approved findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and the sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM S32241